1

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10

11  EVERETT LEE MEYERS,                    )  Case No.: 1:14-cv-01954-SAB (PC)
                                          )
12              Plaintiff,                )
                                          )
13      v.                                )  ORDER DISMISSING COMPLAINT, WITH
                                          )  LEAVE TO AMEND, FOR FAILURE TO STATE
14  M.D. BITER, et al.,                   )  A COGNIZABLE CLAIM FOR RELIEF
                                          )
15              Defendants.               )  [ECF No. 1]
                                          )
16  _____  )

17      Plaintiff Everett Lee Meyers is appearing pro se and in forma pauperis in this civil rights action

18  pursuant to 42 U.S.C. § 1983.

19                                    **I.**

20                          **SCREENING REQUIREMENT**

21      The Court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

25  monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

26      A complaint must contain "a short and plain statement of the claim showing that the pleader is

27  entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

28  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Warden M.D. Biter and Doctor Chen as Defendants in this action.

On September 14, 2013, Plaintiff was involved in a physical altercation on the yard at Kern Valley State Prison (KVSP).  Plaintiff was seriously injured and sustained extensive damage to his right shoulder.  Plaintiff was immediately taken to Delano Regional Medical Center.  While hospitalized, Plaintiff was in excruciating pain and discomfort and x-rays were ordered and taken.

Plaintiff contends the x-rays were read inadequately.  Plaintiff contends medical staff at KVSP deliberately denied him adequate medical treatment for the severe injuries he sustained to his right shoulder.  Plaintiff filed inmate grievances regarding the pain and inadequate pain medication he was receiving.

On December 2, 2013, Plaintiff received a new x-ray of his right shoulder.  On January 15, 2014, Plaintiff was examined by orthopedic surgeon, Doctor David Smith.  Dr. Smith examined the new x-rays and discovered that Plaintiff had a third degree AC separation on his right shoulder.

Doctor Smith informed Plaintiff that he was recommending Plaintiff to undergo repair of the AC separation, and surgery was scheduled, along with pain management.

On April 3, 2014, Plaintiff was interviewed by Doctor Chen who informed Plaintiff that he was denying surgery because "he didn't care for" Dr. Smith's recommendations.  Doctor Chen informed Plaintiff that while he agreed with Doctor Smith's recommendations that Plaintiff needed urgent surgery, Chen said he had to deny Plaintiff's surgery per policy.  Plaintiff also asked Doctor Chen for stronger pain medication because he could not sleep from the excruciating pain.  Doctor Chen denied Plaintiff adequate pain medication.

### III.

### DISCUSSION

#### A.    Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d at 1082-83; Wilhelm v.

Rotman, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).  In addition, a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference.  Sanchez v. Vild, 891 F.2d at 242.

Although Plaintiff contends that Doctor Smith examined him and recommended surgery and pain management, Plaintiff's exhibits to the complaint contradict such claim for the necessity of surgery and further pain management.[1]  On April 3, 2014, Plaintiff was interviewed by Doctor Chen and afforded the opportunity to explain his medical concerns and provide any supporting documents. (Compl., p. 18, First Level Appeal Response.)  Doctor Chen denied Plaintiff's inmate appeal at the first level of review stating:

> Your Electronic Unit Health Record (eUHR) was reviewed for the first level response. A review of your appeal and related documents has been completed.  You were seen and examined by a Primary care provided on 04/03/14.  The primary care progress note indicates that you have right shoulder Ac separation Grade 3.  This is not a surgical condition.  You are getting physical therapy and NSAIDs to treat your condition therefore your request for corrective surgery is denied.  Your request for monetary compensation for pain and suffering is denied as it is beyond the scope of the appeals process.

(Id.)

Plaintiff's inmate appeal was thereafter denied at the second level of review for the following reasons:

> You were dissatisfied with the response to your appeal at the first level and elevated it to the Second Level of Review.  M. Spaeth, CP&S, was assigned to investigate your appeal at the second level of review.  In your statement of dissatisfaction you state that you are dissatisfied because physical therapy has failed to alleviate your pain. Furthermore, you state that you are entitled to receive the same treatment as a free person.

---

[1] In determining whether a complaint states a cognizable claim for relief, the Court may consider materials attached as exhibits to the complaint and incorporated therein.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); City of Fresno v. U.S., 709 F. Supp. 2d 888, 912 n.21 (E.D. Cal. 2010).

Your electronic Unit Health Record (eUHR) was reviewed in investigation of your appeal, as well as the submitted CDCR 602 and supporting documents.  Medical literature on acromioclavicular injuries was also reviewed as to the most recent recommendations for treatment of acromioclavicular join injuries type III.

You have been diagnosed with acromioclavicular joint injury type III (grade 3 AC separation).  You have been treated with physical therapy and are currently on home exercise plan.  You have been treated with non-steroidal anti-inflammatory medication.  You have been advised on restriction of any activities which aggravate your condition.

The Department will only provide medical services which are medically necessary and supported by outcome data as effective medical care.  Based on Title 15 exclusions, your requested surgery is again denied at the second level of care.

(Compl., at p. 21, Second Level Appeal Response.)

Plaintiff's inmate appeal was also denied at the third and final level of review based on the following:

Your appeal file and documents obtained from your Unit Health Record were reviewed by licensed clinical staff.  These records indicate:

- You have been seen and evaluated through July 16, 2014, for your history of right shoulder third degree separation from an altercation in January 2014.
- You were approved and received physical therapy for your right shoulder until April 24, 2014; you were advised to continue with a home exercise program.
- You received orthopedic consultation and follow-up evaluations; your most recent was on June 18, 2014; the current recommendation was for conservative non-surgical management including additional physical therapy and pain management; a referral for right shoulder physical therapy was approved on July 3, 2014.
- On July 16, 2014, your recent primary care provider (PCP) follow-up noted you were able to play basketball; you were advised to continue with your current medication and range of motion exercises.
- Your current medication profile indicates an active prescription for the medication aspirin for pain management.
- Based on this information it appears your health care is being managed; you will continue to be monitored and treatment will be provided based on your clinician's evaluation, diagnosis, and recommended treatment plan, in accordance with appropriate policies and procedures.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Inmates may not demand particular medication, diagnostic evaluation, or course of treatment.  The California Code of Regulations (CCR), Title 15, Section 3354, Health Care Responsibilities and Limitations, (a) Authorized Staff, states, "Only facility-employed health care staff, contractors paid to perform health services for the facility,

or persons employed as health care consultants shall be permitted within the scope of their licensure, to diagnose illness or, prescribe medication and health care treatment for inmates.  No other personnel or inmate may do so."

The Department shall provide only medical services for patient-inmates that are based on medical necessity and supported by outcome data as effective medical care.  In the absence of available outcome data for a specific case, treatment will be based on the judgment of the physician that the treatment is considered effective for the purpose and is supported by diagnostic and consultations with appropriate specialists.

After review, no intervention at the Director's Level of Review is necessary as your medical condition has been evaluated and you are receiving treatment deemed medically necessary.

(Compl. at pp. 22-23, Director's Level Appeal Response.)

The record demonstrates that Plaintiff's medical history and treatment was thoroughly reviewed at three different levels of review.  Plaintiff has been evaluated, treated for his pain and any necessary medical treatment has been provided.  The fact that Plaintiff contends Doctor Smith recommended surgery and pain management (which is never mentioned by medical staff at KVSP), at most, suggests a mere difference of opinion between medical professional as to the proper course of treatment for Plaintiff's AC separation Grade 3 which is insufficient to give rise a cognizable section 1983 claim.  See, e.g., Hoang Minh Tran V. Haar, No. CV 10-07740 CJC (SS), 2012 WL 37506 at *3-4 (C.D. Cal. Jan. 9, 2012) (concluding plaintiff's allegations that defendants refused to prescribe stronger and more effective medication for his pain reflects only a difference of medical opinion as to the necessary medication); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (changing a prescription ordered by another physician is a mere difference of medical opinion insufficient to establish deliberate indifference); Hughes v. CDCR, No. 2:11-cv-01856 EFB P, 2012 WL 3276991, at *1-2 (Aug. 9, 2012) (plaintiff failed to state cognizable Eighth Amendment claim where he complained that defendants refused to prescribe him Wellbutrin as he requested but instead approved ten alternative medications to treat his depression); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (difference of opinion between medical personnel regarding the need for surgery does not amount to deliberate indifference to a prisoner's serious medical needs).

1    To establish that a difference of medical opinion as to the appropriate course of treatment

2  amounted to deliberate indifference, the evidence must "show that the course of treatment the doctors

3  chose was medically unacceptable under the circumstances" and that "they chose this course in

4  conscious disregard of an excessive risk to [the prisoner's] health." Jackson, 90 F.3d at 332.

5    On this record, the Court cannot find that Doctor Chen intentionally denied, delayed, interfered

6  with medical treatment, or chose the course of treatment in conscious disregard of an excessive risk to

7  Plaintiff's health. Instead, it appears medical staff provided Plaintiff ongoing diagnostic evaluation

8  and treatment. Plaintiff's dissatisfaction with the care and treatment provided is insufficient to show

9  deliberate indifference. Accordingly, Plaintiff fails to state a cognizable claim for deliberate

10  indifference to a serious medical need in violation of the Eighth Amendment.

11    **B.    Supervisory Liability**

12    Plaintiff names Warden M.D. Biter as a Defendant in this action. Under section 1983, Plaintiff

13  must prove that the defendants holding supervisory positions personally participated in the deprivation

14  of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior

15  liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49. A

16  supervisor may be held liable for the constitutional violations of his or her subordinates only if he or

17  she "participated in or directed the violations, or knew of the violations and failed to act to prevent

18  them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570

19  (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th

20  Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

21    Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory

22  liability claim against Warden Biter. The only basis for such a claim would be respondeat superior,

23  which is precluded under section 1983.

24    **IV.**

25    **CONCLUSION AND ORDER**

26    For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be

27  granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v.

28  Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by

adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff an amended civil rights complaint form;

2.    Plaintiff's complaint, filed December 8, 2014, is dismissed for failure to state a claim;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   __February 23, 2015__                      _____

                                                        UNITED STATES MAGISTRATE JUDGE

8