UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT LEE MEYERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M.D. BITER, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01954-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS<br><br>[ECF No. 13 |

Plaintiff Everett Lee Meyers is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding on Plaintiff's claim that Defendant Dr. Chen was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

On July 7, 2015, Defendant filed a motion to dismiss the complaint. Pursuant to Local Rule 230(l), Plaintiff did not file an opposition, and because more than twenty-eight days have elapsed since the filing and service of the motion, the motion is deemed submitted to the Court for review.

///

///

///

1

## II.

## DISCUSSION

### A. Allegations of Complaint

According to the allegations of the first amended complaint, Plaintiff was in a physical altercation on the Delta yard at Kern Valley State Prison (KVSP) on September 14, 2013. Plaintiff was seriously injured during the altercation and sustained extensive damages to his shoulder. Plaintiff was immediately taken to an outside hospital emergency room at Delano Regional Medical Center in Delano, California.

While hospitalized, Plaintiff was in excruciating pain and discomfort, and x-rays were performed. Plaintiff contends the x-rays were inadequately misread, and medical staff at KVSP deliberately denied him adequate medical treatment for his shoulder injury.

Plaintiff subsequently filed an appeal complaining of the severe pain which deprived him from sleep for several weeks because Dr. Chen denied Plaintiff pain medication and medical treatment.

On December 2, 2013, Plaintiff received a new x-ray of his right shoulder.

On January 15, 2014, Plaintiff was examined by a qualified orthopedic surgeon, Dr. David Smith, who examined the x-rays and discovered that Plaintiff had a third degree AC separation on his right shoulder and had been suffering from untreated excruciating pain caused by Dr. Chen's misconduct.

Dr. Smith informed Plaintiff that he was recommending that Plaintiff undergo repair of the acromioclavicular separation and would schedule surgery and pain management.

On April 3, 2014, Plaintiff was interviewed by Dr. Chen, and Plaintiff was informed that Dr. Chen was denying surgery because "he didn't care for the special orthopedic surgeon," despite Dr. Chen's agreement that Plaintiff was in need of surgery. Dr. Chen indicated that pursuant to policy, he could not grant Plaintiff surgery to repair acromioclavicular separation. Plaintiff contends that Dr. Chen had no authority to deny such surgery. Dr. Chen also denied Plaintiff stronger pain medication, despite the recommendation for pain management.

///

///

2

### B. Prior Screening Order

Plaintiff's complaint was screened and the Court determined it stated a claim under the Eighth Amendment. 28 U.S.C. § 1915A; Nordstrom, 762 F.3d at 908 ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm, 680 F.3d at 1121); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (section 1915(e)(2)(B)(ii) screening standard is the same as Rule 12(b)(6) standard). Defendant does not present any arguments which persuade the Court it erred in determining that Plaintiff's Eighth Amendment claim was not cognizable or that any other grounds justifying relief from the screening order exist. See Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005) ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result."). As explained below, Plaintiff's allegations against Defendant Dr. Chen are sufficient to allow him to proceed past the pleading stage.

### C. Motion to Dismiss Standard Under Rule 12(b)(6)

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los

Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

**D.    Findings**

1.    Eighth Amendment Violation

Defendant argues that the Court should dismiss the action because: (1) a difference in medical opinion between professional fails to state an Eighth Amendment violation; and (2) Defendant is qualifiedly immune.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

It is well established that deliberate indifference may be shown when prison official ignore express orders from a prisoner's treating physician.  See Estelle, 429 U.S. at 104-105 (deliberate indifference may manifest "by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed"); Colwell v. Bannister, 763 F.3d 1060, 1068-1069 (9th Cir. 2014) (reiterating that prison's reliance on non-specialist prison physicians' opinions who make decisions

1  based on policy, rather than specialists contradictory opinions, satisfies deliberate indifference
2  standard); Snow, 681 F.3d at 988 (non-treating, non-specialist physicians may have been deliberately
3  indifferent to prisoner's needs when they repeatedly denied outside specialists' recommendations for
4  hip-replacement surgery); Jett, 439 F.3d at 1097-1098 (prison doctor may have been deliberately
5  indifferent to a prisoner's medical needs when he decided not to request an orthopedic consultation as
6  the prisoner's emergency room doctor had previously ordered); Lopez v. Smith, 203 F.3d 1122, 1132
7  (9th Cir. 2000) (a prisoner may establish deliberate indifference by showing that a prison official
8  intentionally interfered with his medical treatment); Wakefield v. Thompson, 177 F.3d 1160, 1165 &
9  n.6 (9th Cir. 1999) ("a prison official acts with deliberate indifference when he ignores the instructions
10 of the prisoner's treating physician or surgeon.").

11     While Defendant is correct a mere difference of opinion does not amount to deliberate
12 indifference, the allegations in Plaintiff's complaint amount to more than a difference of opinion.
13 Based on Plaintiff's factual allegations in the complaint, viewed in the light most favorable to
14 Plaintiff, Plaintiff's allegations that Dr. Chen stated "he did like the recommendation by Dr. Smith,"
15 and plausibly substituted his opinion for that of the orthopedic surgeon, and cancelled the surgery
16 (without authority) based solely on policy (which may or may not have been valid and authorized), is
17 sufficient to state a cognizable claim for deliberate indifference to a serious medical need.
18 Accordingly, Defendant Dr. Chen's motion to dismiss for failure to state a cognizable claim for relief
19 should be denied.

20     2.    Qualified Immunity

21     Qualified immunity is "immunity from suit rather than a mere defense to liability; and like an
22 absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mueller v.
23 Auker, 576 F.3d 979, 993 (9th Cir. 2009) (citation and internal quotations omitted).  Qualified
24 immunity shields government officials from civil damages unless their conduct violates "clearly
25 established statutory or constitutional rights of which a reasonable person would have known."
26 Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  "Qualified immunity balances two important
27 interests - the need to hold public officials accountable when they exercise power irresponsibly and the
28 need to shield officials from harassment, distraction, and liability when they perform their duties

reasonably," Pearson v. Callahan, 555 U.S. 223, 231 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341 (1986).

In resolving the claim of qualified immunity, the Court must determine whether, taken in the light most favorable to Plaintiff, Defendants' conduct violated a constitutional right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001); Mueller, 576 F.3d at 993. While often beneficial to address in that order, the Court has discretion to address the two-step inquiry in the order it deems most suitable under the circumstances. Pearson, 555 U.S. at 236 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Mueller, 576 F.3d at 993-94.

As set forth above, Plaintiff alleges a cognizable claim against Defendant Dr. Chen under "clearly established" law of the Eighth Amendment. Thus, the Court proceeds to the second step to determine whether Plaintiff's rights were clearly established at the time of the violation.

Here, viewing Plaintiff's facts in light most favorable to him, the Court cannot find as a matter of law that the challenged conduct by Dr. Chen was not deliberately indifferent. Any reasonable medical professional should have known that disregarding a serious medical need violates the Eighth Amendment. The determination whether Defendant Dr. Chen was deliberately indifferent to Plaintiff's serious medical needs will depend on the evidence developed during the discovery process and presented on a motion for summary judgment or trial. Accordingly, Defendant's qualified immunity defense should be denied.

## III.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Dr. Chen's motion to dismiss be denied in its entirety.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may

1  result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014)
2  (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4  IT IS SO ORDERED.

5  Dated:   **August 31, 2015**

6  　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE